# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **JAMES BELL, III,** | |
| Plaintiff, | |
| v. | **Civil no.** |
| **CITY OF BOURBON, MISSOURI,** a fourth class City and a Municipal corporation, | |
|    Serve Mayor or City Clerk 423 N. Old Highway 66 Bourbon, MO 65441 | |
| and, | |
| | **JURY TRIAL DEMANDED** |
| **CRAWFORD COUNTY, MISSOURI,** a third class County, State of Missouri, | |
|    Serve at 302 W. Main St. Steelville, MO 65565 | |
| and, | |
| **PAUL SATTERFIELD,** individually and in his official capacity for acts done under color of state law in his capacity as former Chief of Police for the City of Bourbon, MO, | |
|    Serve at 16 Erin Drive Cuba, MO 65453 | |
| and, | |
| **SHERIFF DARIN J. LAYMAN,** individually and in his official capacity for acts done under color of state law in his capacity as Sheriff of Crawford County Sheriff's Office, | |
|    Serve at 212 Third Street, Steelville, MO 65565 | |
| and, | |

**AMANDA RAUSS**, individually and in her
official capacity for acts done
under color of state as a police officer for the
Bourbon Police Department,
 Serve at 16080 County Rd. 2300
 St. James, MO 65559
 and,

**JOHN DOE 1**, individually and in his
official capacity for acts done
under color of state as a deputy of the
Crawford County Sheriff's Office,

 and,

**JOHN DOE 2**, individually and in his
official capacity for acts done
under color of state as a police officer for the
Bourbon Police Department,

 and,

**CRAWFORD COUNTY R-1 SCHOOL DISTRICT**,
 Serve at 1444 Old Highway 66
 Bourbon, MO 65441

 and,

**PATRICIA THOMPSON**, individually and in
her official capacity as the former
superintendent, employee, agent, and servant
of Crawford County R-1 School District,
 Serve at 3291 Hwy P
 Owensville, MO 65066

 and,

**JOHN DOE 3**, individually and in his official
capacity as official employee, agent, and
servant of Crawford County R-1 School
District,

 and,

**ABBCO SERVICE, LLC,**

2

**Service on Registered Agent**
**John C. Pieske**
**9777 Green Park Industrial Drive**
**St. Louis, MO 63123,**

and,

**TOM LEONARD,**
**Supervisor of custodial services for**
**ABBCO Service Corporation, LLC,**
**Service on Registered Agent**
    **John C. Pieske**
    **9777 Green Park Industrial Drive**
    **St. Louis, MO 63123,**

and,

**BRAD GROSS, individually and in his official capacity as employee, agent, and servant of Crawford County R-1 School District and/or ABBCO Service Corporation, LLC,**
    **Serve at 8006 Strothkamp Ln.**
    **Sullivan, MO 63080**

and,

**JOHN DOE 4, individually and in his official capacity as employee, agent, and servant of Crawford County R-1 School District and/or ABBCO Service Corporation, LLC,**

    **Defendants.**

## COMPLAINT

COMES NOW Plaintiff, James Bell, III, by and through counsel, and for his Complaint, states as follows:

### INTRODUCTION, JURISDICTION, AND VENUE

1.    This is an action for money damages and arises pursuant to the Civil Rights Laws of the United States of America, 42 U.S.C. Section 1983 and Section

3

1985(3) for violations by Defendants of Plaintiff's rights secured by the Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution, and for the intentional and/or negligent infliction of emotional distress upon Plaintff. Therefore, this Court has original jurisdiction under 28 U.S.C. § 1331 and by the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367.

2. Venue is proper in this district pursuant to the general venue statute, 28 U.S.C. § 1391(b).

3. The actions and conduct of the Defendants are the result of the policy, practice, custom, and deliberate indifference on the part of Defendants City of Bourbon, Crawford County, and Crawford County R-1 School District, as well as those Defendants' agents, servants and employees acting in both their individual and official capacities, and the actions and conduct of all Defendants in engaging in a conspiracy to commit the deprivation of Plaintiff's rights and privileges.

4. Plaintiff seeks an award of attorney's fees and expert witness fees pursuant to 42 U.S.C. § 1988.

5. Plaintiff demands trial by jury.

## PARTIES

6. Plaintiff James Bell, III (hereinafter "Mr. Bell") is a citizen of the State of Missouri, residing in Bourbon, Missouri. Mr. Bell is and was a citizen of the United States and thus entitled to the full benefits and equal protection of the Federal Constitution and all laws and regulations enacted thereunder.

7. Defendant City of Bourbon is a political subdivision of the State of Missouri, a fourth class City and a Municipal corporation located within the geographical boundaries of the Eastern District of Missouri, Eastern Division, and is the legal entity

4

responsible for itself, for the City of Bourbon Police Department, and its agents, servants and employees. This Defendant was the employer of Defendants Satterfield, Rauss and John Doe 2 through Defendant Bourbon Police Department, and has the capacity to sue and be sued. The City is a person under 42 U.S.C. § 1983.

8. Defendant Crawford County is a political subdivision of the State of Missouri, a third class County located within the geographical boundaries of the Eastern District of Missouri, Eastern Division, and is the legal entity responsible for itself, for the Crawford County Sheriff's Office, and its agents, servants and employees. This Defendant was the employer of Defendants Darin Layman and John Doe 1 through the Crawford County Sheriff's Office, and has the capacity to sue and be sued. The County is a person under 42 U.S.C. § 1983.

9. Defendant Crawford County R-1 School District is a political subdivision of Crawford County and/or the State of Missouri and has the capacity to sue and be sued. The District is a person under 42 U.S.C. § 1983. Defendant Crawford County R-1 School District includes Bourbon Elementary School and contracted with Defendant ABBCO Service, LLC for custodial services. Defendant Crawford County R-1 School District was the employer of Patricia Thompson and, upon information and belief, of Defendants Brad Gross and John Doe 4 through its contractual agreement with Defendant ABBCO Service, LLC. Upon information and belief, Defendant Rauss was an agent, servant, and/or employee of Defendant Crawford County R-1 School District as a school resource officer.

10. Defendant Paul Satterfield is a resident and citizen of Missouri, and the former Chief of Police of the Bourbon Police Department, appointed Chief by the Mayor, with the consent and approval of the majority of the members of the Board of Alderman.

At all times relevant herein, Defendant Satterfield was acting under color of state law in his capacity as Chief of Police employed by City of Bourbon through the Bourbon Police Department, was the policy maker therefor, and was acting in the course and scope of his employment therein. Defendant Satterfield is sued in his individual capacity and official capacity.

11. Defendant Darin J. Layman is a resident and citizen of Missouri and the Sheriff of Crawford County. At all times relevant herein, Defendant Layman was acting under color of state law in his capacity as a law enforcement officer employed by Crawford County through the Crawford County Sheriff's Office, is and was the policy maker therefor, and was acting in the course and scope of his employment therein. Defendant Layman is sued in his individual capacity and official capacity.

12. Defendant Patricia Thompson is a resident and citizen of Missouri, and was, at all times relevant herein, the superintendent of Crawford County R-1 School District, was the policy maker therefor, and was acting under color of state law in the course and scope of her employment therein. Defendant Thompson is sued in her individual capacity and official capacity.

13. Defendant Amanda Rauss is a resident and citizen of Missouri. At all times relevant, Defendant Rauss was acting under color of state law in her capacity as a law enforcement officer employed by the City of Bourbon through the Bourbon Police Department and was acting in the course and scope of her employment therein. Upon information and belief, Defendant Rauss was an agent, servant, and/or employee of Defendant Crawford County R-1 School District as a school resource officer. Defendant Rauss is sued in her individual capacity and official capacity.

14. Defendant John Doe 1 is a resident and citizen of Missouri, whose identity is currently unknown to Plaintiff. At all times relevant, Defendant Doe 1 was acting under color of state law in his capacity as a law enforcement officer employed by Crawford County through the Crawford County Sheriff's Office and was acting in the course and scope of his employment therein. Defendant Doe 1 is sued in his individual capacity and official capacity.

15. Defendant John Doe 2 is a resident and citizen of Missouri, whose identity is currently unknown to Plaintiff. At all times relevant, Defendant Doe 2 was acting under color of state law in his capacity as a law enforcement officer employed by the City of Bourbon through the Bourbon Police Department and was acting in the course and scope of his employment therein. Defendant Doe 2 is sued in his individual capacity and official capacity.

16. Defendant John Doe 3 is a resident and citizen of Missouri, whose identity is currently unknown to Plaintiff, and was, at the relevant times herein, an employee, agent, and servant of Crawford County R-1 School District. Defendant Doe 3 is sued in his individual capacity and official capacity.

17. Defendant ABBCO Service, LLC is a Missouri Limited Liability Company with its principal office in St. Louis, Missouri and employed Defendants Tom Leonard, Brad Gross, and John Doe 4 at the relevant times.

18. Defendant Tom Leonard is the supervisor of custodial services for Defendant ABBCO Service, LLC.

19. Defendant Brad Gross is a resident and citizen of Missouri and at the relevant times worked as a custodian at Bourbon Elementary School, upon information

7

and belief through ABBCO Service, LLC. He is sued in his individual capacity and official capacity.

20. Defendant John Doe 4 is a resident and citizen of Missouri and at the relevant times worked as a custodian at Bourbon Elementary School, upon information and belief through ABBCO Service, LLC. He is sued in his individual capacity and official capacity.

21. Further Defendants currently unknown to Mr. Bell may be discovered through the course of litigation and he reserves the right to plead in any such parties upon discovery.

## FACTS COMMON TO ALL COUNTS

22. Mr. Bell is a resident of Bourbon, Missouri.

23. In 2018, Mr. Bell and his wife, Evangeline Bell, worked on the custodial staff at Bourbon Elementary School.

24. The custodial staff was supplied to Defendant Crawford County R-1 School District by Defendant ABBCO Service, LLC.

25. Defendant Brad Gross has and at all pertinent times had a felony record and should not have been employed as a custodian working at Bourbon Elementary School.

26. The then-superintendent of Crawford County R-1 School District, Patricia Thompson, instructed the supervisor of custodial services for ABBCO Service, LLC, Tom Leonard, that Brad Gross was to work as a custodian at Bourbon Elementary School.

27. After repeated harassment by Defendant Brad Gross, Mr. and Mrs. Bell were forced to quit their jobs on or around October 3, 2018.

28. Mr. and Mrs. Bell did not return to Bourbon Elementary School after they resigned their jobs.

29. Defendant Gross thereafter conspired with all the other Defendants to engage in continued harassment and deprivation of Mr. Bell's rights and privileges.

30. In particular, upon information and belief, all Defendants entered into an agreement and meeting of the minds that upon Defendant Gross falsely accusing Mr. Bell of moving Defendant Gross' vehicle, Defendants Satterfield, Doe 1, Doe 2, and Rauss would thereafter unconstitutionally, without warrant and without good cause, search and seize, use excessive force against, and harass and intimidate Mr. Bell, violating his civil and constitutional rights and privileges.

31. On or about October 24, 2018, Defendants Satterfield and Rauss arrived at Mr. Bell's residence, outside of Bourbon city limits, at around 3:30 p.m., unannounced.

32. Defendants Satterfield and Rauss, without cause or warrant, proceeded to arrest Mr. Bell, purportedly based on the false accusation by Defendant Gross that Mr. Bell had moved Defendant Gross' vehicle around in the parking lot outside of Bourbon Elementary School, which false accusation and allegation Mr. Bell repeatedly denied.

33. Defendant Satterfield placed Mr. Bell in handcuffs behind his back, moved Mr. Bell to his police car, and hit Mr. Bell in the head on the left side, under Mr. Bell's eye, with the door when he opened it.

9

34. Defendant Satterfield drove Mr. Bell to the Bourbon police station and sat Mr. Bell, still handcuffed, in a chair in front of his desk and interrogated him for well over an hour.

35. Defendant John Doe 1 entered the room and also began interrogating Mr. Bell.

36. Shortly after Defendant John Doe 1 began interrogating Mr. Bell, Defendant Satterfield reached into Mr. Bell's pocket and took out Mr. Bell's phone without Mr. Bell's permission.

37. Defendant Satterfield then took Mr. Bell's phone into a different room and proceeded to search it, without probable cause or warrant.

38. Defendant Satterfield returned to the interrogation room and threatened Mr. Bell and insisted Mr. Bell sign a false confession.

39. At that point, Defendant Satterfield grabbed Mr. Bell forcibly by the shoulders and slammed him back in his chair yelling at him to sit all the way back in the chair.

40. The force from Defendant Satterfield slamming Mr. Bell back caused the chair to break and Mr. Bell to fall.

41. Defendant Satterfield grabbed the chair and Mr. Bell and stood the chair back up halfway, laughing to Defendant Doe 1 that "he can't even sit up straight."

42. Mr. Bell began having a panic attack.

43. Defendants Satterfield and Doe 1 then told Mr. Bell they would drive out to his house, arrest his wife and terrorize his kids while they tore his house upside down.

44. Defendants Satterfield and Doe 1 then told Mr. Bell they would bring in family services to Mr. Bell's home and take his children unless he filled out a statement saying he moved the vehicle as falsely alleged by Defendant Gross.

45. Based on these coercive threats, and his physical and mental anguish, Mr. Bell reluctantly wrote a false statement as demanded by Defendants.

46. Defendants Satterfield and Doe 1 nonetheless continued the interrogation and continued to threaten to call family services to have Mr. Bell's children removed from their home.

47. Defendant John Doe 2 then placed Mr. Bell, still in handcuffs, into the back of a police car and drove Mr. Bell to the elementary school where Mr. Bell was detained while Defendant Doe 2 searched for the keys from the allegedly moved vehicle.

48. Defendants Satterfield and Rauss meanwhile drove to Mr. Bell's house to search it, without warrant.

49. Mr. Bell's cell phone remained and still remains in police custody.

50. When Defendants Satterfield and Rauss arrived at Mr. Bell's property, Mr. Bell's wife, Mrs. Bell was the only person present.

51. Defendant Satterfield told Mrs. Bell that she had to let him into the house.

52. Defendants did not have a warrant to enter or search the premises.

53. Mrs. Bell, by virtue of their coercion, threats and duress, was intimidated into letting Defendants Satterfield and Rauss into the house, where they proceeded to search inside and outside, without warrant or probable cause.

54. After the elementary school, Defendant Doe 2 then drove Mr. Bell, still in handcuffs, to Mr. Bell's property, meeting Defendants Satterfield and Rauss there.

55. Mr. Bell's mother arrived on the scene and, in Mr. Bell's presence, Defendant Satterfield threatened her that if he found anything on the premises, he would confiscate her property.

56. Defendant Satterfield, in Mr. Bell's presence, told Mr. Bell's mother that Mr. Bell was one of the best liars he had ever seen, and told her to wait because he wanted her to see her son taken out of handcuffs.

57. Defendant Satterfield then released Mr. Bell from handcuffs and left the property.

58. Mr. Bell suffered a blackened and bruised eye, a strained and bruised leg, and a strained and bruised back as a result of Defendant Satterfield's assault.

59. Defendant Satterfield's actions and use of force, as described herein, were totally gratuitous, were objectively unreasonable in light of the facts and circumstances confronting him, and so violated the Fourth and Fourteenth Amendment rights of Mr. Bell.

60. Mr. Bell also suffered severe emotional distress, and pain and suffering, as a result of the Defendants' illegal conduct.

## COUNT I: CIVIL RIGHTS VIOLATIONS
## COGNIZABLE UNDER 42 U.S.C. §§ 1983 & 1985(3)

61. The allegations contained in paragraphs 1-60 are hereby realleged, restated, and incorporated as if fully set forth herein.

62. All of the aforesaid acts in paragraphs 1-60 were in violation of Mr. Bell's rights secured by:

   a) The Fourth Amendment, to be secure in his person, premises, papers, property, and effects, and against intrusions, and to be free from unreasonable search

and seizure and loss of liberty and property, applicable to the States through the Fourteenth Amendment;

b) The Fifth Amendment, to be free from compelled statements against himself and to be free from deprivation of life, liberty, or property without due process of law, applicable to the States through the Fourteenth Amendment;

c) The Ninth Amendment, to privacy in his premises and personal and family relationships, applicable to the States through the Fourteenth Amendment; and

d) The Fourteenth Amendment, to due process of law, equal protection of the law, and privileges and immunities of the law, including the rights to life, liberty, property, and privacy.

63. The aforesaid constitutional rights have been clearly established and well-settled since the ratification of the United States Constitution in 1789 and the ratification of the Fourteenth Amendment on July 28, 1868, and are enforceable under 42 U.S.C. 1983 (Civil Rights Act of 1871) and under *Monroe v. Pape*, 365 U.S. 167 (1961).

64. All of Defendants' aforesaid acts and omissions were done without warrant, judicial process, or probable cause, and all such conduct violated clearly established constitutional rights which a reasonable law enforcement officer would know to be clearly established.

65. Defendants' aforesaid acts and omissions, separately and taken together, were impermissible, egregious, conscience-shocking, and a violation of Mr. Bell's aforesaid rights, and a reasonable law enforcement officer would have known same.

66. Defendants' acts and omissions were done under the direction and on behalf of Defendants City of Bourbon, Crawford County, and Crawford County R-1

School District as herein alleged, and all Defendants in fact knew them to be illegal, impermissible, egregious, conscience-shocking, and violative of Mr. Bell's rights.

67. Defendants acted pursuant to a conspiracy to deprive Mr. Bell of the aforesaid civil and constitutional rights and privileges in violation of 42 U.S.C. Sections 1983 and 1985(3).

68. In particular, upon information and belief, all Defendants entered into an agreement and meeting of the minds that upon Defendant Gross falsely accusing Mr. Bell of moving Defendant Gross' vehicle, Defendants Satterfield, Doe 1, Doe 2, and Rauss would thereafter unconstitutionally, without warrant and without good cause, search and seize, use excessive force against, and harass and intimidate Mr. Bell, violating his civil and constitutional rights and privileges.

69. Defendants Satterfield, Doe 1, Doe 2, and Rauss thereafter did engage in overt acts in furtherance of the conspiracy, and in fact harassed and intimidated Mr. Bell, unconstitutionally searched and seized Mr. Bell without warrant and without cause, and used excessive force against Mr. Bell, thereby depriving him of his civil and constitutional rights and privileges as described more fully herein, pursuant to this conspiracy.

70. Mr. Bell was injured by these overt acts.

71. Defendants were state actors when there was a meeting of the minds to violate Mr. Bell's civil and constitutional rights and privileges.

72. Defendants Satterfield, Rauss, Doe 1, Doe 2, and Gross each held animus against Mr. Bell and intended to deprive him of his civil and constitutional rights and privileges.

73. Defendants were acting under color of law when engaging in the conspiracy to deprive Mr. Bell of his civil and constitutional rights and privileges as described more fully herein.

74. Defendant City of Bourbon is liable for the conduct of its agents, servants, employees, and officers, for the following reasons:

   a) Then-Chief of Police Defendant Satterfield was the policy maker for the City of Bourbon at all relevant times herein;

   b) City of Bourbon conducted police activities under color of law on behalf of the City of Bourbon, including the powers of arrest, search, seizure, detention and questioning in violation of the Fourth Amendment, Fifth Amendment, Ninth Amendment, and Fourteenth Amendment;

   c) It was the custom and policy of the City of Bourbon to fail to properly hire, train, supervise, or discipline its agents, servants, employees, officer, and deputies;

   d) The City's intentional conduct amounts to a deliberate indifference to the rights of plaintiffs and the citizens of the United States;

   e) Each individual assisted each other in performing the various actions described herein and lent to each other and to the City of Bourbon their physical presence, support, and authority of their office; and

   f) A pattern and practice in violation of the constitutional rights alleged above was condoned, tolerated, and the custom of the City, thus subjecting the municipality of the City of Bourbon to liability under the doctrine of *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

75.     Defendant Crawford County is liable for the conduct of its agents, servants, employees, and officers, for the following reasons:

   a) Sheriff Layman is, and at all relevant times herein was, the policy maker for Crawford County;

   b) Crawford County conducted law enforcement activities under color of law on behalf of Crawford County, including the powers of arrest, search, seizure, detention and questioning in violation of the Fourth Amendment, Fifth Amendment, Ninth Amendment, and Fourteenth Amendment;

   c) It was the custom and policy of Crawford County to fail to properly hire, train, supervise, or discipline agents, servants, employees, officers, and deputies;

   d) Crawford County's intentional conduct amounts to a deliberate indifference to the rights of plaintiffs and the citizens of the United States;

   e) Each individual assisted each other in performing the various actions described herein and lent to each other and to Crawford County their physical presence, support, and authority of their office; and

   f) A pattern and practice in violation of the constitutional rights alleged above was condoned, tolerated, and the custom of Crawford County, thus subjecting the County to liability under the doctrine of *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

76.     Defendant Crawford County R-1 School District is liable for the conduct of its agents, servants, employees, and officers, for the following reasons:

   a) Defendant Patricia Thompson was, at all relevant times herein, the policy maker for Crawford County R-1 School District;

16

    b) Crawford County R-1 School District conducted law enforcement activities under color of law on behalf of Crawford County and School District, including the powers of arrest, search, seizure, detention and questioning in violation of the Fourth Amendment, Fifth Amendment, Ninth Amendment, and Fourteenth Amendment;

    c) It was the custom and policy of Crawford County R-1 School District to fail to properly hire, train, supervise, or discipline its agents, servants, employees, officer, and deputies;

    d) Crawford County R-1 School District's intentional conduct amounts to a deliberate indifference to the rights of plaintiffs and the citizens of the United States;

    e) Each individual assisted each other in performing the various actions described herein and lent to each other and to Crawford County R-1 School District their physical presence, support, and authority of their office; and

    f) A pattern and practice in violation of the constitutional rights alleged above was condoned, tolerated, and the custom of Crawford County R-1 School District, thus subjecting the School District to liability under the doctrine of *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

77.    Each Defendants' conduct was the direct and proximate cause of the injury and damage Mr. Bell suffered.

78.    As a direct and proximate result of Defendants' violation of Mr. Bell's civil and constitutional rights and privileges, Mr. Bell suffered physical and psychological injuries, personal humiliation, pain and suffering, mental anguish, loss of

enjoyment of life's pleasures, severe and medically cognizable emotional distress, and other related damages and losses, which are expected to be ongoing.

79. Defendants' conduct was outrageous because of Defendants' evil motive or reckless indifference to the rights of others, so as to justify an award of punitive damages against all Defendants, jointly and severally, for an amount of One Million Dollars, to be determined by the jury.

WHEREFORE, Plaintiff prays judgment in his favor and against Defendants, and requests this Court to enter the following relief:

A. Convene a trial by jury;

B. Enter a judgment for compensatory damages for Plaintiff and against all Defendants jointly and severally in an amount that is fair and reasonable;

C. Enter a judgment for punitive damages for Plaintiff and against all Defendants jointly and severally in the amount of One Million Dollars;

D. Award Plaintiff his costs, expert witness fees, and attorneys fees pursuant to 42 U.S.C. § 1988; and

E. For such other and further relief as is deemed just and proper.

## COUNT II: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS COGNIZABLE UNDER 28 USC § 1367

80. The allegations contained in paragraphs 1-60, 62-79 are hereby realleged, restated, and incorporated as if fully set forth herein.

81. Defendant Satterfield's actions and conduct described herein were extreme and outrageous, and intentionally or recklessly caused severe emotional distress that resulted in bodily harm to Mr. Bell.

82. Defendant Satterfield's actions and conduct described herein were reckless or callously indifferent to the rights of the Plaintiff, and were motivated by an evil intent, thereby justifying the award of punitive damages to Mr. Bell.

WHEREFORE, Plaintiff prays judgment in his favor and against Defendant Satterfield, and requests this Court to enter the following relief:

A. Convene a trial by jury;

B. Enter a judgment for compensatory damages for Plaintiff and against Defendant Satterfield in an amount that is fair and reasonable;

C. Enter a judgment for punitive damages for Plaintiff and against Defendant Satterfield severally in the amount of One Million Dollars;

D. Award Plaintiff his costs, expert witness fees, and attorneys fees pursuant to 42 U.S.C. § 1988; and

E. For such other and further relief as is deemed just and proper.

### COUNT III: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS COGNIZABLE UNDER 28 USC § 1367

83. The allegations contained in paragraphs 1-60, 61-79, 81, and 82 are hereby realleged, restated, and incorporated as if fully set forth herein.

84. Defendant Satterfield had a legal duty to protect Mr. Bell from injury.

85. Defendant Satterfield breached that duty as described above.

86. Defendant Satterfield's breach was the proximate cause of Mr. Bell's emotional distress.

87. Defendant Satterfield realized or should have reaized that his conduct involved an unreasonable risk of causing distress to Mr. Bell.

88. Mr. Bell suffered and continues to suffer medically cognizable and diagnosable emotional distress and mental injury of sufficient severity so as to be medically cognizable and significant.

WHEREFORE, Plaintiff prays judgment in his favor and against Defendant Satterfield, and requests this Court to enter the following relief:

A. Convene a trial by jury;

B. Enter a judgment for compensatory damages for Plaintiff and against Defendant Satterfield in an amount that is fair and reasonable;

C. Award Plaintiff his costs, expert witness fees, and attorneys fees pursuant to 42 U.S.C. § 1988; and

D. For such other and further relief as is deemed just and proper.

Respectfully submitted,

/s/ Frank K. Carlson
Frank K. Carlson #27840MO
Sarah K. Tupper #60695MO
THE CARLSON LAW FIRM
frank@carlson.legal
sarah@carlson.legal
ATTORNEYS FOR PLAINTIFF