# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JAMES BELL, III, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:23-cv-01318-SEP |
| CITY OF BOURBON, MISSOURI, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

    Before the Court is Defendants' Motion to Stay Discovery and the ADR Referral Deadlines pending the Court's ruling on Defendants' Motion to Dismiss. Doc. [134]. Defendants include the City of Bourbon; Crawford County; Crawford County R-1 School District; former Chief of Police Paul Satterfield; Sherriff Darin J. Layman; Superintendent Patricia Thompson; Law Enforcement Officer Amanda Rauss; ABBCO Service, LLC; Tom Leonard, supervisor of custodial services for ABBCO; and Brad Gross, custodian for ABBCO. Doc. [107] ¶¶ 7-16. For the reasons stated below, the motion is granted.

### BACKGROUND

    In 2018, Plaintiff Bell and Defendant Gross both worked as custodians at Bourbon Elementary School. *Id*. ¶¶ 19, 21. According to Plaintiff, Defendant ABBCO Service supplied the custodial staff for Defendant Crawford County R-1 School District. *Id*. ¶ 20. Plaintiff maintains he was forced to quit his job after repeated harassment by Defendant Gross. *Id*. ¶ 24. Thereafter, Plaintiff claims, Defendant Gross "conspired with all the other Defendants to engage in continued harassment and deprivation of Mr. Bell's rights and privileges." *Id*. ¶ 26. Specifically, "all Defendants entered into an agreement and meeting of the minds that upon Defendant Gross falsely accusing Mr. Bell of moving Defendant Gross' vehicle, Defendants Satterfield and Rauss would thereafter unconstitutionally, without warrant and without good cause, search and seize, use excessive force against, and harass and intimidate Mr. Bell, violating his civil and constitutional rights and privileges." *Id*. ¶ 27. Plaintiff also alleges intentional infliction of emotional distress and negligent infliction of emotional distress against former Chief of Police Paul Satterfield. *Id*. ¶¶ 87-95. After Plaintiff filed his Second Amended Complaint, all Defendants except for Satterfield filed Motions to Dismiss. *See* Docs. [108], [112], [114], [117].

**DISCUSSION**

Under Federal Rule of Civil Procedure 26(c), a party may move the court for a protective order staying or limiting the scope of discovery; however, a court may issue such an order only upon the movant's showing of good cause. *See T.E. Connectivity Networks, Inc. v. All Systems Broadband, Inc.*, 2013 WL 4487505, at * 1 (D. Minn. Aug. 20, 2013). "It, of course, is black letter law that the mere filing of a motion to dismiss the complaint does not constitute 'good cause' for the issuance of a discovery stay." *Id*. at *2 (quoting *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006)). Courts do sometimes stay discovery pending a ruling on a motion to dismiss, particularly in cases raising issues such as immunity to suit. *See Lovelace v. Delo*, 47 F.3d 286, 287 (8th Cir. 1995) (stay of discovery may be appropriate while resolving entitlement to qualified immunity, as such immunity exists to protect government from litigation). In determining whether a stay is appropriate, federal courts have considered the merits of the pending dispositive motion and the breadth of pending discovery, and they have "balanced the harm produced by delaying discovery against the possibility that the entire matter will be resolved by the motion." *Id*. The determination is a practical one that is "largely left to the district court's discretion." *All Systems Broadband, Inc.*, 2013 WL 4487505, at *2.

With these considerations in mind, the Court finds good cause to stay discovery and the ADR referral deadline. Defendants' motions assert various theories of dismissal, including under *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658 (1978); qualified immunity; and failure to state a claim. Defendants' arguments for dismissal are colorable, and if successful, would result in dismissal of nine out of the ten defendants, narrowing the scope of discovery considerably. Plaintiff agrees to a stay of the ADR referral deadline but opposes Defendants' request to stay discovery, maintaining it will "deny [ ] Plaintiff the ability to survive dismissal of the action as to those Defendants prior to discovery." Doc. [135] at 3. But, as Defendants point out, when considering a motion to dismiss, the Court must "take as true the factual allegations and grant all reasonable inferences in favor of the nonmoving party." *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010) (citing *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 591 (8th Cir. 2009)); *see* Doc. [136] at 1-2. If Plaintiff's claims against the nine Defendants survive the motion-to-dismiss stage, "the regular course of scheduling and discovery would then go forward." *Perkins v. Missouri*, 2019 WL 332811, *2 (W.D. Mo. Jan.

25, 2019) ("On balance, a stay is not likely to harm Plaintiff if any of her claims survive the motion-to-dismiss stage because the regular course of scheduling and discovery would then go forward."). Plaintiff provides no other reason for opposing Defendants' motion. Doc. [135] at 3. Thus, the Court finds a stay of discovery is not likely to harm Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Stay Discovery and the ADR Referral Deadlines, Doc. [134], is **GRANTED**. The ADR referral deadline and all discovery in this case are **STAYED** pending resolution of Defendants' motions to dismiss.

Dated this 31st day of October, 2024.

*Sarah E. Pitlyk*
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE