**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES BELL, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:23-cv-01318-SEP |
| | ) | |
| CITY OF BOURBON, MISSOURI, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Before the Court are four motions to dismiss, Docs. [108], [112], [114], [117]. Defendants include the City of Bourbon; Crawford County; Crawford County R-1 School District; former Chief of Police Paul Satterfield; Sheriff Darin J. Layman; Superintendent Patricia Thompson; Officer Amanda Rauss; ABBCO Service, LLC; Tom Leonard, supervisor of custodial services for ABBCO; and Brad Gross, custodian for ABBCO. Doc. [107] ¶¶ 7-16. For the reasons set forth below, the motions are granted.

**BACKGROUND[1]**

In 2018, Plaintiff and Defendant Gross both worked as custodians at Bourbon Elementary School. *Id*. ¶¶ 19, 21. ABBCO Service supplied the custodial staff for the Crawford County R-1 School District. *Id*. ¶ 20. Superintendent Thompson instructed Supervisor Leonard to hire Gross even though they both knew that Gross had a felony record. *Id*. ¶¶ 21-23. Plaintiff was forced to quit his job after repeated harassment by Gross. *Id*. ¶ 24.

Thereafter, Gross "conspired with all the other Defendants to engage in continued harassment and deprivation of Mr. Bell's rights and privileges." *Id*. ¶ 26. Gross, "pursuant to the previously entered-into agreement and meeting of the minds with all Defendants," falsely accused Plaintiff of "mov[ing] Defendant Gross's vehicle around in the parking lot outside of Bourbon Elementary School." *Id*. ¶¶ 27, 28. According to Plaintiff, Chief of Police Satterfield and Officer Rauss knew that the accusation was false, but they still arrested Plaintiff, "without cause or warrant." *Id*. ¶¶ 30-31. Satterfield placed Plaintiff in handcuffs, moved Plaintiff to his police car, and then "hit [Plaintiff] in the head on the left side, under [Plaintiff's] eye, with the

---

[1] For purposes of this Order, the Court assumes that the factual allegations in the Second Amended Complaint are true. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

door when he opened it." *Id*. ¶ 32.  Plaintiff was taken to the police station where he was interrogated by Chief of Police Satterfield and an unnamed officer (LEO #1).  *Id*. ¶¶ 33, 34.  At one point during the interrogation, Satterfield reached into Plaintiff's pocket and took out Plaintiff's phone without Plaintiff's permission.  *Id*. ¶ 35.  Satterfield then proceeded to search Plaintiff's phone "without probable cause or warrant." *Id*. ¶ 36.  Satterfield "threatened [Plaintiff] and insisted [Plaintiff] sign a false confession." *Id*. ¶ 37.  He then "grabbed [Plaintiff] forcibly by the shoulders and slammed him back in his chair yelling at him to sit all the way back in the chair." *Id*. ¶ 38.  According to Plaintiff, "the force from Satterfield slamming [Plaintiff] back caused the chair to break and [Plaintiff] to fall." *Id*. ¶ 39.  Plaintiff started to have a panic attack.  *Id*. ¶ 41.

Chief of Police Satterfield and LEO #1 then told Plaintiff that "they would drive out to his house, arrest his wife and terrorize his kids while they tore his house upside down." *Id*. ¶ 42.  They also told Plaintiff that "they would bring in family services to [Plaintiff's] home and take his children unless he filled out a statement saying he moved the vehicle as falsely alleged by Defendant Gross." *Id*. ¶ 43.  Because of the "coercive threats, and his physical and mental anguish, [Plaintiff] reluctantly wrote a false statement as demanded by Defendants." *Id*. ¶ 44.

Plaintiff was later put in the back of a police car and driven to Bourbon Elementary School where another unnamed officer "performatively searched for the keys from the allegedly moved vehicle." *Id*. ¶ 46.  Meanwhile, Satterfield and Rauss drove to Plaintiff's house to search it.  *Id*. ¶ 47.  Satterfield told Plaintiff's wife that she had to let him into the house.  *Id*. ¶ 50. Plaintiff states that his wife "was intimidated into letting Defendants Satterfield and Rauss into the house, where they proceeded to search inside and outside, without warrant or probable cause." *Id*. ¶ 52.  Plaintiff was driven back to his house, where he witnessed Satterfield tell Plaintiff's mother that "if he found anything on the premises, he would confiscate her property," and that Plaintiff "was one of the best liars he had ever seen." *Id*. ¶¶ 54, 55.  Satterfield then told Plaintiff's mother to "wait because he wanted her to see her son taken out of handcuffs." *Id*. ¶ 55.  Plaintiff was then released from handcuffs and Satterfield left the property.  *Id*. ¶ 56. Because of Satterfield's actions, Plaintiff "suffered a blackened and bruised eye, a strained and bruised leg, and a strained and bruised back." *Id*. ¶ 58.  Plaintiff also claims to have "suffered severe emotional distress, and pain and suffering." *Id*. ¶ 60.

Plaintiff brings claims against all Defendants under 42 U.S.C. § 1983 and § 1985(3).  *See* Doc. [107].  He also brings intentional infliction of emotional distress and negligent infliction of emotional distress claims against Defendant Satterfield.  *See id*.  All Defendants except Satterfield move to dismiss.  *See* Docs. [108], [112], [114], [117].

LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  The notice pleading standard of Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to give "a short and plain statement of the claim showing that the pleader is entitled to relief."  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Determining if well-pleaded factual allegations state a "plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*. at 679.  A plaintiff's factual allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Whitney v. Guys, Inc*., 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  The well-pleaded facts must establish more than a "mere possibility of misconduct."  *Iqbal*, 556 U.S. at 679.

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff," *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010), and "grant all reasonable inferences in favor of the nonmoving party," *Lustgraaf v. Behrens*, 619 F.3d 867, 873 (8th Cir. 2010) (citing *Braden v. Wal-Mart Stores, Inc*., 588 F.3d 585, 591 (8th Cir. 2009)).  But if a claim fails to allege one of the elements necessary to recovery on a legal theory, the Court must dismiss that claim.  *See Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Although courts must accept all well-pleaded factual allegations as true, they "are not bound to accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

**DISCUSSION**

I.      Section 1983 Conspiracy Claim

"To prove a § 1983 conspiracy claim, [Plaintiff] must prove: '(1) that the defendant[s] conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured [him].'" *Bonenberger v. St. Louis Metro. Police Dep't*, 810 F.3d 1103, 1109 (8th Cir. 2016) (alteration in original) (quoting *White v. McKinley,* 519 F.3d 806, 814 (8th Cir. 2008)). "[P]laintiff must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement." *Id*. (cleaned up).  Plaintiff "can satisfy this burden by pointing to at least some facts which would suggest the defendants reached an understanding to violate his rights.'" *Id*. (cleaned up).  Plaintiff has not met that burden.

In support of his claim, Plaintiff alleges:

Defendant Gross thereafter conspired with all the other Defendants to engage in continued harassment and deprivation of Mr. Bell's rights and privileges.

In particular, upon information and belief, all Defendants entered into an agreement and meeting of the minds that upon Defendant Gross falsely accusing Mr. Bell of moving Defendant Gross' vehicle, Defendants Satterfield and Rauss would thereafter unconstitutionally, without warrant and without good cause, search and seize, use excessive force against, and harass and intimidate Mr. Bell, violating his civil and constitutional rights and privilege.

Doc. [107] ¶¶ 26, 27.  Such allegations are "legal conclusion[s] couched as [ ] factual allegation[s]," *Twombly*, 550 U.S. at 555, and not entitled to the presumption of truth. *See Iqbal*, 556 U.S. at 678.  Plaintiff points to no factual allegations that would support a reasonable inference that the Defendants "reached an understanding to violate [Plaintiff's] rights." *Bonenberger*, 810 F.3d at 1109.  As such, Plaintiff's § 1983 conspiracy claim against the City, Crawford County, Sheriff Layman, Superintendent Thompson, Officer Rauss, ABBCO, Supervisor Leonard, and Gross must be dismissed.

II.     Section 1983 Claim

    A. **Plaintiff fails to state a § 1983 claim against Sheriff Layman, Superintendent Thompson, and Officer Rauss.**

"To state a claim under § 1983, the plaintiff must plead that a government official has personally violated the plaintiff's constitutional rights." *Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014).  "To plead the personal liability of individual defendants, plaintiff must allege

4

specific facts of personal involvement in, or direct responsibility for, a deprivation of constitutional rights." *Johnson v. Jefferson County, Missouri*, 2022 WL 16853717, at *3 (E.D. Mo. Nov. 10, 2022) (citing *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999)).

Sherriff Layman argues that Plaintiff has failed to "allege specific facts of his personal involvement with Plaintiff's arrest or the search of Plaintiff's home." Doc. [113] at 11. Superintendent Thompson makes a similar argument. According to Superintendent Thompson, "Plaintiff's only non-conclusory allegation against [her] is that she knew and disregarded that Defendant Brad Gross . . . had an unidentified felony conviction on his record while he worked . . . on District property." Doc. [115] at 5. Superintendent Thompson claims that Plaintiff has failed to "allege how such knowledge caused Superintendent Thompson to be directly responsible for the conduct of other Defendants not employed by the District, including Defendant Satterfield, for allegedly illegally searching, harassing, and arresting Plaintiff." *Id*. at 6. In his response to Superintendent Thompson and Sherriff Layman's motions, Plaintiff fails to identify any factual allegations that would support a reasonable inference that Sherriff Layman or Superintendent Thompson were personally involved in any deprivation of Plaintiff's constitutional rights. Instead, he states that he has alleged their individual participation in a conspiracy to deprive him of his constitutional rights. *See* Docs. [120] at 8; [121] at 4. As explained above, Plaintiff does not sufficiently allege a conspiracy. Because he also fails to allege that Sherriff Layman and Superintendent Thompson were personally involved in the deprivation of his constitutional rights, his § 1983 claim against Sherriff Layman and Superintendent Thompson in their individual capacities must also be dismissed.

Officer Rauss argues Plaintiff's § 1983 claim against her should be dismissed because Plaintiff has not "allege[d] specific facts of her personal involvement with the arrest of Plaintiff or the search of his home." Doc. [118] at 6. According to Officer Rauss, Plaintiff alleges no specific facts related to her involvement in the search of Plaintiff's house, and "the allegation that [she] was somehow involved in the 'arrest' of Plaintiff is a conclusory allegation that cannot survive the present Motion to Dismiss." *Id*. at 7. In his opposition motion, Plaintiff does not respond to Officer Rauss's argument that she was not personally involved in the search of Plaintiff's home. *See* Doc. [122] at 6. Instead, he focuses on Officer Rauss's alleged involvement in Plaintiff's arrest. *Id*. He points to the following allegations:

5

> Defendants Satterfield and Rauss, without cause or warrant, proceeded to arrest Mr. Bell, purportedly based on the false accusation by Defendant Gross that Mr. Bell had moved Defendant Gross' vehicle around in the parking lot outside of Bourbon Elementary School, which false accusation and allegation Mr. Bell repeatedly denied.
>
> Defendants Satterfield and Rauss knew that the accusation was false, but still proceeded to arrest Mr. Bell, pursuant to the previously entered-into agreement and meeting of the minds with all Defendants.

Doc. [107] ¶¶ 30, 31.  Plaintiff's conclusory statements do not meet the standard required to survive a Rule 12(b)(6) motion to dismiss.  The Second Amended Complaint is devoid of factual allegations supporting the conclusory claim that Officer Rauss knew Gross's allegation was false.  Without any such allegations, Plaintiff has failed to plausibly allege that Officer Rauss was personally involved in, or directly responsible for, any deprivation of Plaintiff's constitutional rights.  Plaintiff's § 1983 claim against Officer Rauss in her individual capacity is dismissed.

**B.  Plaintiff fails to state a § 1983 claim against ABBCO, Leonard, and Gross.**

Plaintiff's § 1983 claim against ABBCO, Leonard, and Gross must also be dismissed because Plaintiff has failed to allege that they were acting under color of state law.

"[T]o state a claim for relief under § 1983, a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (cleaned up).  "A private party may be held liable under § 1983 only if it is a willful participant in joint activity with the State or its agents." *Gibson v. Regions Fin. Corp.,* 557 F.3d 842, 846 (8th Cir. 2009) (cleaned up).  Plaintiff "must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993).  Again, Plaintiff relies on "legal conclusion[s] couched as [ ] factual allegation[s]." *Twombly*, 550 U.S. at 555.  He alleges:

> In particular, upon information and belief, all Defendants entered into an agreement and meeting of the minds that upon Defendant Gross falsely accusing Mr. Bell of moving Defendant Gross' vehicle, Defendants Satterfield and Rauss would thereafter unconstitutionally, without warrant and without good cause, search and seize, use excessive force against, and harass and intimidate Mr. Bell, violating his civil and constitutional rights and privilege.
>
> Defendants were acting under color of law when engaging in the conspiracy to deprive Mr. Bell of his civil and constitutional rights and privileges as described more fully herein.

6

Doc. [107] ¶¶ 27, 73.  Plaintiff's one factual allegation—that Gross called the police and falsely accused Plaintiff of moving is his car—is insufficient to establish state action.  *See Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001) ("The Supreme Court has held that a private party's mere invocation of state legal procedures does not constitute state action.").  Because Plaintiff has not alleged facts from which the Court could reasonably infer that Defendants ABBCO, Leonard, and Gross were willful participants in joint activity with the State or its agents, Plaintiff's § 1983 claim against the private Defendants must be dismissed.

### C. Plaintiff fails to state a § 1983 claim against Crawford County, City of Bourbon, and Crawford County R-1 School District.

"[A] municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).  Instead, a municipality may be liable only for a constitutional violation that "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018).  Plaintiff's *Monell* claims are based on allegations of unofficial customs and failure to train or supervise.  To establish a *Monell* custom claim, a plaintiff must show:

> 1. The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2. Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3. That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013) (cleaned up).  "The pattern of unconstitutional conduct must be so pervasive and widespread so as to have the effect and force of law."  *Brewington v. Keener*, 902 F.3d 796, 801 (8th Cir. 2018) (cleaned up).

To support his *Monell* custom claims, Plaintiff relies on threadbare recitals of the elements of his claim supported by conclusory statements.  He alleges:

> Upon information and belief, City of Bourbon had a policy, custom, and practice to unlawfully detain, use excessive force against, and harass people who cross into its jurisdiction, and those were the moving force behind the violations of Mr. Bell's constitutional rights[.]
>
> Upon information and belief, Defendant Crawford County had a custom and policy of assisting, condoning, and ratifying the unconstitutional conduct of City of Bourbon's agents, servants, employees, officers, and deputies.

> A pattern and practice in violation of the constitutional rights alleged above was condoned, tolerated, and the custom of Crawford County R-1 School District . . . .

Doc. [107] ¶¶ 75, 81, 82(f).  Noticeably absent from the Second Amended Complaint is any factual support for his asserted legal conclusions.  As this Court has previously explained:

> [P]laintiffs who want to proceed under *Monell* need not use precise legal terms like "unconstitutional custom" in their pleadings; they need only plead facts from which such a custom can be inferred.  Here, Plaintiff has done the opposite:  He has used the appropriate legal terms for a *Monell* custom claim, but he has not pled sufficient facts to support an inference that such a custom exists.

*Miller as Next Friend for Rippeto v. City of St. Louis*, 2024 WL 1366797, at *4–5 (E.D. Mo. Mar. 31, 2024) (quoting *Naes v. City of St. Louis*, 2021 WL 6049815, at *7 (E.D. Mo. Dec. 21, 2021)).  Because Plaintiff's allegations fail to state sufficient facts to support the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct, his custom claims against Crawford County, the City, and the School District must be dismissed.

Plaintiff's failure to train or supervise claim must also be dismissed.  "To state a viable claim under § 1983 for failure to train or supervise, Plaintiff must plead facts sufficient to establish: (1) [Defendant's] [ ]training and supervision practices were inadequate; (2) [Defendant] was deliberately indifferent to the rights of others in adopting these practices, such that the [Defendant's] failure to train and supervise resulted from deliberate and conscious choices it made; and (3) [Defendant's] alleged training and supervision deficiencies caused Plaintiff's constitutional deprivation."  *Rose v. City of St. Louis, Missouri*, 2019 WL 4602829, at *6 (E.D. Mo. Sept. 23, 2019) (citing *Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013)).  Plaintiff's conclusory allegations that Defendants "fail[ed] to properly hire, train, supervise, or discipline its agents, servants, employees, officer, and deputies," Doc. [107] ¶¶ 78, 80(c), 82(c), are insufficient to state a claim upon which relief can be granted.  *See, e.g., Rose*, 2019 WL 4602829, at *6 ("Other than a conclusory allegation that the 'City has inadequately trained, supervised, and disciplined SLMPD officers, with respect to its officers' use of kettling and use of force,' Plaintiff has failed to plead any facts to support this allegation."); *Setchfield v. St. Charles Cnty.*, 2022 WL 579248, at *8 (E.D. Mo. Feb. 25, 2022) ("The Complaint is devoid of pertinent factual allegations other than those related to the specific encounter at issue.  To plead his theory of liability against the County for its alleged failure to train, Plaintiff relies on factual allegations that he was unlawfully beaten, detained, and arrested by the Defendant Officers, and *ipso facto*, that the County did not properly train these Officers.  This is not enough.").

Plaintiff's § 1983 claims against Crawford County, City of Bourbon, and Crawford County R-1 School District are therefore dismissed.

### III.    Section 1985(3) Claim

Finally, Plaintiff's § 1985(3) claim against the City, Crawford County, Sheriff Layman, Superintendent Thompson, Officer Rauss, ABBCO, Supervisor Leonard, and Gross is also dismissed.  As discussed in Section I, above, Plaintiff has failed to sufficiently allege that the Defendants "reached an agreement to violate [Plaintiff's] rights." *Bonenberger*, 810 F.3d at 1109.  Even if he had alleged an agreement, his § 1985(3) claim would still fail because he has not alleged that "some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action." *Dornheim v. Sholes*, 430 F.3d 919, 924 (8th Cir. 2005) ("[T]o prove a private conspiracy in violation of . . . § 1985(3), a plaintiff must show, *inter alia*, (1) that some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action, and (2) that the conspiracy aimed at interfering with rights that are protected against private, as well as official, encroachment." (quoting *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68 (1993))).

Accordingly,

**IT IS HEREBY ORDERED** that the Defendants' motions to dismiss, Docs. [108], [112], [114],[117], are **GRANTED**.  The claims against Defendants City of Bourbon, Missouri; Crawford County, Missouri; Crawford County R-1 School District; Darin J. Layman; Patricia Thompson; Amanda Rauss; ABBCO Service, LLC; Tom Leonard; and Brad Gross are **DISMISSED without prejudice**.

The Court will issue a separate order of dismissal.

Dated this 31st day of March, 2025.

_____

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE